UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATRINA SABREE                                          CIVIL ACTION

VERSUS

WHELAN SECURITY, CO., ET AL                    NO.: 17-01100-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 24)** filed by Defendants Whelan Security and Charles Bess. Plaintiff filed an Opposition (Doc. 25), and Defendants filed a Reply. (Doc. 28). For the following reasons, the **Motion to Dismiss (Doc. 24)** is **GRANTED IN PART and DENIED IN PART**.

## I.    BACKGROUND

This is an employment discrimination case. (Doc. 1). Plaintiff started working as a security officer for Whelan Security on December 18, 2013. (Doc. 1-2 at p. 3). Plaintiff alleges that she was sexually harassed by her supervisor, Charles Bess. (Doc. 1 at ¶ 1). Plaintiff alleges that Bess made many inappropriate comments. For example, she alleges that Bess said he "liked that wide spread" referring to Plaintiff's hips. *Id.* at ¶ 6. Another time, he told Plaintiff that he liked her "big legs." *Id.* at ¶ 7. On another occasion, Bess asked Plaintiff if she wore "matching bra and panties." *Id.* at ¶ 7. Plaintiff told Bess that these comments made her very uncomfortable, but nevertheless he persisted. *Id.* After Plaintiff reported these incidents to her supervisor, Plaintiff claims that she was retaliated against. *Id.* at ¶ 9. She claims

1

that she began getting paid less and that she would not get paid for some of the hours she worked. (*Id.* at ¶ 9).

On April 6, 2016, Plaintiff's attorney sent a two-page letter to the Equal Employment Opportunity Commission ("EEOC"). (Doc. 25-1). In the letter, her attorney claimed that Plaintiff experienced sexual harassment at Whelan Security "through June 2015," he briefly summarized the alleged discrimination, he requested that the EEOC investigate, and he provided contact information for Whelan Security. *Id.* at p. 2. In response, on April 20, 2016, the EEOC sent Plaintiff a letter acknowledging that it received a charge of employment discrimination. (Doc. 25-3). A "charge of discrimination" is the name for a formal EEOC complaint. 42 U.S.C. § 2000e–5.

Four months later, on August 19, 2016, the EEOC received a sworn charge of discrimination from Plaintiff, which she completed on an EEOC form. (Doc. 1-2 at p. 3).[1] In her charge, she wrote that Charles Bess sexual harassed her, and that she believed she had been discriminated against because of her sex. *Id.* at p. 3. On July 17, 2017, the EEOC issued Plaintiff a right to sue letter. *Id.* at p. 1. On October 13, 2017, Plaintiff sued Defendants Whelan Security and Charles Bess in this Court. (Doc. 1).

Plaintiff claims that Bess and Whelan Security are liable under Title VII for sexual harassment and retaliation. (Doc. 1 at ¶ 13-19). Plaintiff also claims that

---

[1] A charge of discrimination is considered "filed" with the EEOC when it is "received." 29 C.F.R. § 1601.13(a). Thus, although the charge is dated August 16, 2016, the Court will refer to it as the August 19, 2016 charge of discrimination. (*See* Doc. 1-2 at p. 3).

Bess is liable for intentional infliction of emotional distress, *Id.* at ¶ 21, and Whelan

is liable for discrimination under the Louisiana Employment Discrimination Law,

and negligent hiring and supervision. *Id.* at ¶ 24.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint

against the legal standard set forth in Rule 8, which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "Determining whether a complaint states a plausible claim for relief [is] . . .

a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Ashcroft*, 556 U.S. at 679.

## III.   DISCUSSION

### A.    Timeliness of Title VII Claims Against Whelan Security

Whelan Security argues that Plaintiff did not timely file her charge with the

EEOC, and that she therefore failed to exhaust her administrative remedies. (Doc.

24-1 at pp. 6–7). A plaintiff must exhaust her administrative remedies under Title

VII by filing a charge of discrimination within 300 days of the alleged discriminatory

conduct. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008).

Plaintiff contends that she last suffered discrimination in June of 2015, and that her

attorney's April 6, 2016 letter to the EEOC is a charge of discrimination. (Doc. 25 at

p. 4). Assuming this is true, and Plaintiff suffered discrimination on the last day of June, Plaintiff timely filed her charge 19 days before the 300 day deadline. Conversely, Defendant argues that Plaintiff last suffered discrimination on June 1, 2015, as she stated in her formal charge of discrimination to the EEOC, and that she filed her charge on August 19, 2016, because her attorney's letter to the EEOC should not qualify as a charge of discrimination. If this is true, Plaintiff's charge would be 142 days past the 300 day deadline.

The Court must therefore answer two questions to determine whether Plaintiff timely filed her charge of discrimination. First, whether Plaintiff last experienced discrimination on June 1, 2015 or June 30, 2015. And second, whether the April 6, 2016 letter to the EEOC qualifies as a charge of discrimination or whether only the August 19, 2016, formal charge of discrimination qualifies. The Court will address each in turn.

### 1. The Last Date Plaintiff Experienced Discrimination

Plaintiff contends that she experienced discrimination in June of 2015. (Doc. 25 at p. 4). Plaintiff's Complaint is silent about when she last experienced discrimination other than alleging that she worked for Whelan Security "on or about June of 2015." (Doc. 1 at ¶ 4). However, her attorney's April 2016 letter to the EEOC states that "harassment continued through June 2015." (Doc. 25-1). Put another way, it is alleged to have occurred from June 1st to 30th, 2015. Her August 19, 2016 formal charge of discrimination to the EEOC, however, states that the earliest and

latest date she experienced discrimination was June 1, 2015. (Doc. 1-2 at p. 3).[2] The form appears as follows:



Defendants seizes on this and contends that Plaintiff therefore last experienced discrimination on June 1, 2015. Plaintiff argues that this is a clerical error and that it intended to indicate that she was harassed for the entire month of June. (Doc. 25 at p. 4). This Fifth Circuit has made clear that "the scope of an EEOC complaint should be construed liberally." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The Court agrees, and finds that Plaintiff's charge of discrimination provides that she was discriminated during the entire month of June, 2015. By stating that discrimination occurring from June 1 to June 1, the Court concludes that Plaintiff intended to communicate that the discrimination occurred, as she previously alleged, during the entire month of June.

### 2. The Date of Plaintiff's EEOC Charge

Whelan Security argues that Plaintiff's sworn EEOC charge is untimely. (Doc. 24-1 at p. 6–7). Plaintiff argues that this sworn charge with EEOC should relate back to her attorney's unsworn April 6, 2016 letter to the EEOC. (Doc. 25 at p. 5). If Whelan Security is correct, then Plaintiff's charge is untimely; if Plaintiff is correct, then it is timely. The Code of Federal Regulations provides that "'a charge is

---

[2] The Court takes judicial notice of Plaintiff's August 19, 2016, charge of discrimination and her attorney's April 6, 2015 letter. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 110 n.2 (2002) (quoting 29 C.F.R. § 1601.12(b) (1997)). An unverified but otherwise valid charge may be verified after the time for filing a charge has expired. *See id.* at 116. For example, courts have held that a sworn charge of discrimination can relate back to an informal intake questionnaire that describes the discriminatory conduct and identifies the parties. *See Conner v. Louisiana Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007); *see also Lynch v. Texas Comm'n on Envtl. Quality*, 09-CV-309, 2010 WL 11530834, at *3 (E.D. Tex. Feb. 24, 2010) (concluding that a sworn charge relates back to a letter that identified the parties and described the discriminatory acts or practices complained of in great detail)

Here, the April 20, 2016, letter from Plaintiff's attorney to the EEOC described the alleged discriminatory conduct, identified her employer, contained the address of her employer, and requested that the EEOC investigate the matter. (Docs. 25-1, 25-2). Although the letter was not verified, Plaintiff cured this technical defect by filing her formal charge on August 19, 2016. Thus, Plaintiff's August 19, 2016 formal charge of discrimination "relates back" to April 6, 2016—the date Plaintiff's letter to the EEOC. See 29 C.F.R. § 16.01.12(b). Plaintiff therefore filed her charge of discrimination 282 days after she last allegedly suffered discrimination on June 30, 2015, which is within the 300 day filing deadline.

**B.    Title VII Retaliation Claims Against Whelan Security**

Plaintiff also claims that Defendants are liable for retaliation under Title VII. (Doc. 1 at ¶ 16). Whelan Security argues that Plaintiff's retaliation claim should be dismissed because Plaintiff never filed a charge for retaliation with the EEOC. (Doc. 24-1 at p. 7).  Failure to exhaust is an absolute bar to claims under Title VII. *See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). When determining whether a plaintiff exhausted a claim with the EEOC, a court's review should not be limited "solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *See Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Put simply, a court should look to the substance, not the label, of the EEOC complaint.  *Id.*  A Plaintiff's intake questionnaire can be considered a part of the formal charge when it is submitted to the EEOC along with the formal charge. *Patton v. Jacobs En''g Grp.*, Inc., 874 F.3d 437, 443 (5th Cir. 2017).

Even the most generous reading of Plaintiff's April 6, 2016, letter to the EEOC, (Doc. 25-1 at p. 1-2), and Plaintiff's charge of discrimination does not create a reasonable expectation that a retaliation claim would grow out of the facts underlying Plaintiff's charge.  Nowhere in Plaintiff's charge does she mention retaliation. (Doc. 1-2).  Moreover, she checked the box marked sex discrimination and not the box marked retaliation in her charge. (Doc. 1-2 at p. 3). Similarly, her letter to the EEOC

fails to mention retaliation. (Doc. 25-1). Plaintiff therefore failed to exhaust her administrative remedies for her Title VII retaliation claim.

### C. Title VII Claims Against Charles Bess

Bess argues that Plaintiff's Title VII claim against him should be dismissed because only employers can be liable under Title VII. (Doc. 24-1 p. 10). The Court agrees. The Fifth Circuit has held that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *See Ackel v. Nat's Commc'ns, Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2003). Plaintiff's Title VII claim against Bess is dismissed.

### D. LEDL Claim against Whelan Security

Whelan Security argues that Plaintiff's LEDL claim is time-barred because Plaintiff did not file suit under the LEDL within the 18 month statute of limitations. (Doc. 24-1 at p. 8). A discrimination claim under the LEDL has a one year statute of limitations. La. R.S. § 23:303(D). The one year statute of limitations is suspended during the pendency of an EEOC investigation, but for no longer then six months, for a total statute of limitations of eighteen months. *Id.* Even assuming that the latest discriminatory conduct here occurred on June 30, 2015, Plaintiff's LEDL claim is time-barred because she filed suit on October 13, 2017, over nine months after the eighteen month statute of limitations expired. (*See* Doc. 1). Plaintiff's LEDL claim is therefore dismissed.

### E. Louisiana Tort Claims

Defendants argue that Plaintiff's intentional infliction of emotional distress claim, negligent hiring, and negligent supervision claims should be dismissed because

Plaintiff did not file these claims within the one year statute of limitations. (Doc. 24-1 at pp. 8-9). Under Louisiana law, a plaintiff has one year to file these claims. La. C.C. art. 3492. And filing an EEOC claim does not interrupt this limitations period. *See e.g., Roth v. N.J. Malin & Assocs., Inc.*, No. 98-CV-1793, 1998 WL 898367, at *6 (E.D. La. Dec. 21, 1998). Here, Plaintiff filed suit on October 13, 2017, two years and three months after she last alleges that she experienced discrimination on June 30, 2015. Therefore, her tort claims are time-barred. Plaintiff's intentional infliction of emotional distress claim, negligent hiring, and negligent supervision claims are therefore dismissed.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 24)** is **GRANTED IN PART** and **DENIED IN PART.** Defendant's Motion to Dismiss is granted as to Plaintiff's: (1) Title VII claims against Charles Bess; (2) Title VII retaliation claims against Whelan Security; (3) Louisiana Employment Discrimination claims; (4) intentional infliction of emotional distress claim; (5) negligent hiring claim; and (6) negligent supervision claims. The Motion is denied as to Plaintiff's Title VII discrimination claim against Whelan Security.

**IT IS FURTHER ORDERED** that Charles Bess is **DISMISSED**.


Baton Rouge, Louisiana, this 17th day of **August, 2018.**

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**