UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KATRINA SABREE | CIVIL ACTION |
| VERSUS | |
| WHELAN SECURITY COMPANY, ET AL. | NO. 17-1100-BAJ-RLB |

# ORDER

Before the Court is Defendant Whelan Security Company's ("Whelan") Motion to Compel (R. Doc. 31) filed on January 11, 2019. The motion is opposed. (R. Doc. 34). Whelan has filed a Reply. (R. Doc. 37).

Whelan seeks an order compelling Katrina Sabree ("Plaintiff") to respond to interrogatories and requests for production served on November 19, 2018. (R. Doc. 31-2 at 1-24). The record indicates that Whelan extended the deadline to respond to these discovery requests to December 26, 2018. (R. Doc. 31-2 at 28). The record further indicates that Whelan's counsel sought to obtain discovery responses through e-mail correspondences sent on December 27, 2018 and January 2, 2019; that Whelan's counsel attempted to obtain the discovery responses by calling Plaintiff's counsel on January 3, 2019 and January 7, 2019; and that Plaintiff's counsel's staff represented, in response to the second call, that responses would be provided on January 8, 2019. (R. Doc. 31-2 at 34). On January 11, 2019, having received no responses, Whelan advised Plaintiff that it would be seeking relief from the Court. (R. Doc. 31-2 at 24).

Plaintiff had 30 days to respond to the interrogatories and requests for production after she was served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The record indicates that the parties stipulated to an extension of the deadline to respond to December 26, 2018 pursuant

to Rule 29. Plaintiff did not provide responses by that deadline or its own offered deadline of January 8, 2019.

Whelan filed the instant motion on January 11, 2019. (R. Doc. 24). Whelan seeks an order compelling Plaintiff to provide complete responses to its written discovery requests without objections (other than with respect to privilege) and awarding reasonable expenses, including attorney's fees.

Plaintiff filed a 1-page opposition to the instant motion on February 1, 2019. (R. Doc. 34). Plaintiff represents (1) that she provided responses to the written discovery (including executed authorization forms) on January 17, 2019, and (2) that she received correspondence from Whelan on January 24, 2019 indicating that the responses were insufficient. (R. Doc. 34). Plaintiff did not provide the Court with copies of the untimely responses or a copy of Whelan's correspondence indicating that the responses were insufficient. Plaintiff also does not provide any explanation why the responses were not timely provided.

Whelan supplemented the record with Plaintiff's discovery responses (R. Docs. 37-1, 37-2) and Whelan's January 24, 2019 deficiency letter (R. Doc. 37-3). Plaintiff's discovery responses contain various boilerplate objections.

As Plaintiff did not make any timely objections to Whelan's discovery requests, the Court finds that she has waived her objections to the interrogatories and requests for production at issue, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on

relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Moreover, given the record, the Court will award Whelan the reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.[1]

For the foregoing reasons,

**IT IS ORDERED** that Whelan's Motion to Compel (R. Doc. 31) is **GRANTED**. Plaintiff must provide supplemental responses to Whelan's interrogatories and requests for production, without objection, no later than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Whelan is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiff's counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Plaintiff's counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Whelan shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

[1] Rule 37(a)(5)(A) provides that the payment of expenses by the non-moving party is required if the motion to compel is granted or if the discovery is provided after the filing of the motion. Both of these scenarios are present here.
[2] The Court recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

(3)     Plaintiff shall, within 7 days of the filing of Whelan's Motion, file any opposition pertaining to the imposition of the amounts requested by Whelan.

Signed in Baton Rouge, Louisiana, on February 8, 2019.

                                    **RICHARD L. BOURGEOIS, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**